# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

JACQUELYN LEE BRADLEY,

                Plaintiff,

v.                              CIVIL ACTION NO. 3:17-2978

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

                Defendant.

## MEMORANDUM OPINION AND ORDER

       This action was referred to the Honorable Dwane L. Tinsley United States Magistrate Judge, who has submitted his Proposed Findings and Recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's Proposed Findings and Recommendation (PF&R) were filed on August 22, 2018, and Plaintiff Jacquelyn Lee Bradley filed her objections to the Findings and Recommendation on September 7, 2018.

       The Court has reviewed *de novo* those portions of the Magistrate Judge's Findings and Recommendation to which Plaintiff objects and finds that Plaintiff's objections lack merit. For the reasons set forth below, the Court **ADOPTS** the Proposed Findings and Recommendation of the Magistrate Judge, **DENIES** Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 16), **GRANTS** Defendant's Brief in Support of Defendant's Decision (ECF No. 17), and **AFFIRMS** the final decision of the Commissioner.

# I.
# BACKGROUND

Plaintiff filed for disability insurance benefits (DIB) and social security income (SSI) on August 9, 2012, alleging disability commencing June 21, 2012 because of back and leg issues. Tr. at 372 & 374, ECF No. 9-5 at 2 & 4. On appeal from an initial and reconsidered denial, an Administrative Law Judge (ALJ), after hearing, found Plaintiff not disabled on August 12, 2014. *Id*. at 217-225, ECF No. 9-3 at 50-58. On September 12, 2014, Plaintiff requested review by the Appeals Council. The Appeals Council granted Plaintiff's request, vacated the ALJ's decision, and remanded the case for further proceedings. *Id*. at 231-33, ECF No. 9-3 at 64-66. Following another hearing, the ALJ issued a decision on December 23, 2015, finding Plaintiff did not meet the criteria of disability under the Social Security Act from June 21, 2012 through the date of the decision. *Id*. at 107-16, ECF No. 9-2 at 110-19. Plaintiff again sought review of the Appeals Council. This time, however, Plaintiff's request was denied. *Id*. at 1-4, ECF No. 9-2 at 2-5. Thereafter, Plaintiff filed this action seeking review of the Commissioner's decision. In his Findings and Recommendation, Magistrate Judge Tinsley recommended affirming the final decision of the Commissioner. Now pending are Plaintiff's objections to the Findings and Recommendation.

As more fully set forth in the PF&R, Plaintiff's orthopedic surgeon Matthew Walker, M.D., performed a microdiscectomy on the L4-5 region of her back in June of 2012. *PF&R*, at 5; Tr. at 598, ECF No. 9-7 at 96. Following three days of hospitalization for pain management, Dr. Walker examined Plaintiff on July 12, 2012, and noted Plaintiff reported left buttock and leg pain, but he found she had full leg strength and only a slight decrease of sensation

at the left L5 nerve root distribution. Tr. at 660, ECF No. 9-7 at 159. Less than two weeks later, Plaintiff told Elizabeth Young, M.D., her primary care physician, that her pain was better and she no longer was taking her pain medication. *Id*. at 638, ECF No. 9-7 at 137. On August 2, 2012, however, Plaintiff told Dr. Young that she had left leg pain and was dragging her left foot. *Id*. at 637, ECF No. 9-7 at 136. Dr. Young did not note any abnormality with her back or extremities, and she recommended Plaintiff see Dr. Walker. *Id*. When Plaintiff saw Dr. Walker a week later, she told him she had improvement, and he found she had full strength in her legs, with some decreased sensation at L5. He said he would release her to work part-time. *Id*. at 652, ECF No. 9-7 at 151.

Thereafter, Plaintiff saw Dr. Young again on September 7, 2012, and related she generally felt better, but she still was experiencing some numbness and pain in her left leg. She also reported she had pain in her left foot and her back pain was worse. *Id.* at 636, ECF No. 9-7 at 135. Dr. Young found Plaintiff's pain caused her to have a decrease in motion and she had a limp. She recommended Plaintiff see Dr. Walker. *Id.* Dr. Young also completed a medical source statement, opining that Plaintiff could not sit or stand more than thirty minutes and she had an altered ability to maintain balance due to her abnormal gait and left foot drag. *Id*. at 633-35, ECF No. 9-7 at 132-34.

Plaintiff saw Dr. Walker on September 20, 2012. Tr. at 650. ECF No. 9-7 at 149. Dr. Walker noted Plaintiff's pain and stated it limited her ability to stand for a long period of time. On examination, Dr. Walker found Plaintiff had a positive straight left leg test, but her legs maintained full muscle strength and sensation. *Id.* Dr. Walker further said "'[t]here is nothing more

to do from a spine surgical standpoint. She is planning to retire in six months, so she is applying for early retirement disability. I support her in that decision. I will see her back in the office on an as-needed basis.'" *Id*.

Plaintiff saw Dr. Young again on March 25, 2013, and she said she did not have any medical insurance. *Id.* at 698, ECF No. 9-7 at 198. Plaintiff told Dr. Young her leg pain was better, but she had foot pain. *Id*. Dr. Young noted weakness and numbness. *Id*. Over six months later, on October 2, 2013, Plaintiff saw Dr. Young and complained of an increase in pain since her surgery and said she could not sit. *Id*. at 697, ECF No. 9-7 at 197. On examination, Dr. Young did not report any back or musculoskeletal abnormalities. She noted Plaintiff received a prescription for Percocet in March to take as needed. Dr. Young gave her a new prescription for Percocet, prn. *Id*. On March 6, 2014, Plaintiff saw Dr. Young, and told her she had low back pain for the past week, which Dr. Young noted as "mild." *Id*. at 669, ECF No. 9-7 at 168. Plaintiff saw Dr. Young again on May 6 and August 6, 2014. *Id*. at 669-70 & 703, ECF No. 9-7 at 168-69 & 204. Dr. Young did not report any musculoskeletal or neurological abnormalities. On September 28, 2014, Plaintiff told Dr. Young she had throbbing pain in her legs and pain in her feet. She said her back was "ok" but "sore." *Id*. at 702, ECF No. 9-7 at 203. Dr. Young did not report any edema and said her distal pulses were normal. *Id*. Dr. Young noted Plaintiff's lack of insurance, but recommended she continue taking Percocet and Elavil. *Id.*

At visits with Dr. Young in February, April, June, and October 2015, Dr. Young reported no edema or abnormal musculoskeletal or neurological findings. *PF&R,* at 8. At the April visit, she did report Plaintiff now had a medical card, and in July 2015, Plaintiff complained of left

knee pain, with some tenderness and pain. *Id*. At the October 2015 visit, Dr. Young diagnosed Plaintiff with degenerative disc disease and spinal stenosis, but her diagnosis did not include any neuropathy. *Id*.

On November 17, 2015, Dr. Young opined on a medical source statement that Plaintiff's could not perform even simple tasks because her pain would interfere with her attention and concentration, she could not work full-time, and she likely would miss over four days of work per month. Tr. at 780-84, ECF No. 9-7 at 283-87. As summarized in the PF&R, Dr. Young further opined Plaintiff "could not walk even one block without rest or pain, [but] she was 'unable to answer' whether Claimant had any limitation in sitting, standing or lifting or whether she would require unscheduled breaks or an assistive device such as a cane." *PF&R*, at 8-9 (quoting Tr. 781-783, ECF No. 9-7 at 284-86). Dr. Young also was unable to say whether Plaintiff "had difficulty moving her head, performing postural activities, reaching, handling or fingering." *Id*. (citing Tr. at 783, ECF No. 9-7 at 286).

At the hearing held on December 1, 2015, Plaintiff testified that her pain had got worse over the past year to year and a half. Tr. at 134, ECF No. 9-2 at 137. Plaintiff stated that, when she is standing, it feels as if she is "breaking in half." *Id*. She said the pain is mostly in her left leg and her feet. *Id*. She testified the pain impacts her sleep so she takes Elavil, which helps. *Id*. a 135, ECF No. 9-2 at 138. She also takes Percocet two to three times a day and valium (for muscle spasms) twice a week. *Id*. at 135-36, ECF No. 9-2 at 138-39. She also said the pain interferes with her ability to concentrate and pay attention to task. *Id*. at 137, ECF No. 9-2 at 140.

On December 15, 2012, Plaintiff's records, that were available at the time, were reviewed by state agency physician Rogelio Lim, M.D. *Id*. at 176-80 & 185-89, ECF No. 9-3 at 8-12 & 17-21 On March 26, 2013, Plaintiff's available records were reviewed by Subhash Gajendragadkar, M.D. *Id*. at 196-02 , ECF No. 9-3 at 28-34. Both physicians opined Plaintiff could perform a range of light work.

## II.
## STANDARD OF REVIEW

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Further, "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the case for substantial evidence, the Court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). A reviewing court is limited to deciding whether the Commissioner's final decision is supported by substantial evidence and whether the correct law has been applied. 42 U.S.C. § 405(g). The Court must adopt the Commissioner's findings if there is evidence in support of such findings "'to justify a refusal to direct a verdict were the case before a jury[.]'" *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws*, 368 F.2d at 642; other citations omitted).

**III.**
**DISCUSSION**

Plaintiff raises two challenges to the ALJ's decision. Plaintiff's first challenge is that the ALJ's subjective symptom analysis is not supported by substantial evidence. Plaintiff's second challenge is that the ALJ failed to properly analyze and weigh the opinions of her treating physician. In reviewing these challenges, Plaintiff argues the Magistrate Judge erred in rejecting her arguments and upholding the ALJ's decision.

With respect to the first challenge, the ALJ found in the decision dated December 23, 2015, that Plaintiff had a mild limitation in the area of concentration, persistence or pace. Tr. at 111, ECF No. 9-2 at 114. He noted she did not use any special reminders to do tasks such as caring for her personal needs and taking medication. She also was able to pay bills, handle her money and accounts, read, watch television, and follow spoken and written directions. *Id*. The ALJ also stated that, although Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms, . . . [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible[.]" *Id*. at 113, ECF No. 9-2 at 116. In support of this determination, the ALJ noted that the record indicates Plaintiff's surgery generally was effective in alleviating her symptoms. *Id*. Although treatment records from Dr. Young reveal some continued pain, numbness, and weakness, Plaintiff indicated overall improvement. *Id*. at 113-14, ECF No. 9-2 at 116-17. Evidence also showed Plaintiff went months between follow-up visits, without evidence of her getting her prescriptions refilled during those time periods. *Id*. at 114, ECF No. 9-2 at 117. Although Plaintiff did not have health insurance for some period of time, the ALJ noted there is no evidence she sought free or subsidized care. *Id*.

In her Objections, Plaintiff essentially complains that the ALJ "cherry-picked" facts from the record, which were rubber stamped by the Magistrate Judge. Specifically, Plaintiff complains that the ALJ failed to recognize she consistently reported severe pain, erred in stating that the surgery helped her symptoms, erred in finding there was a "significant gap" in treatment between September 2012 and March 2014, erred in suggesting she could have used free or subsidized medical care, and erred in assigning "great weight" to his prior decision that was vacated by the Appeals Council.

In considering Plaintiff's argument with respect to the level of the pain she experienced, the Court finds the ALJ's decision is supported by substantial evidence. At the December 15, 2015 hearing, Plaintiff's representative agreed with a prior finding by the ALJ that Plaintiff could physically perform a level of sedentary work,[1] which was less than a range of light work as opined by the state agency physicians. Although Plaintiff asserts her pain also impacted her ability to focus, concentrate, and pay attention, the ALJ detailed Plaintiff's ability to care for her own affairs, read, watch television, and follow directions and determined there only was a mild impairment. Based upon a review of the record, the Court finds adequate evidence to support the ALJ's conclusions with respect to the impact Plaintiff's pain had on her abilities.

Next, Plaintiff claims the ALJ ignored or misinterpreted probative evidence regarding her symptoms after her surgery. The ALJ stated in his decision that "the record reflects

---

[1] Plaintiff's representative stated: "You found her at a sedentary level at the last hearing. We certainly think that exertional level is appropriate, but she has skilled past relevant work at the sedentary level." *Id*. at 129, ECF No. 9-2 at 132.

the surgery was generally successful in relieving the symptoms." *Id*. at 113, ECF No. 9-2 at 116. In making this statement, the ALJ cited to evidence in the record showing improvement, including Plaintiff's own statement to Dr. Young that she felt better overall. *Id.* at 114, ECF No. 9-2 at 117. Although Plaintiff indicated during some of her medical appointments that she continued to experience pain and have problems after her surgery, and she testified she felt worse,[2] the ALJ discussed much of that evidence and found "the treatment records reflect an improvement in [Plaintiff's] symptoms." *Id.* Upon review, the Court finds substantial evidence exists to support this decision.

Plaintiff's third point is that the ALJ erred in finding a "significant gap" in the treatment notes between September 2012 to March 2014. However, this finding was made in the ALJ's earlier decision that was vacated by the Appeals Council. In the December 2015 decision, the ALJ mentions records from March 2013 to October 2013 (Exhibit 14F; Tr. at 697-98; ECF No. 9-7 at 197-98) and February 2014 (Exhibit 13F; Tr. at 685-96, ECF No. 9-7 at 185-96). *Id.* Therefore, the Court denies this objection by Plaintiff.

Plaintiff's fourth argument is that the ALJ improperly relied upon her failure to obtain medical care while she was uninsured. In the decision, the ALJ found Plaintiff had a prescription for Percocet to take on an as needed basis for back pain. *Id*. at 114, ECF No. 9-2 at 117. The ALJ further found, however, that Plaintiff "went seven months in between follow-up visits, and there is no evidence of refills in between visits, which suggests her pain is not quite as severe as alleged." *Id*. Although there was a treatment note from Dr. Young in March 2013

---

[2]*Id*. at 142, ECF No. 9-2 at 145.

indicating Plaintiff had stopped taking most of her medication because she had no insurance coverage, the ALJ stated "the evidence reveals [Plaintiff] did not exhaust all efforts to seek treatment, with no visits to free or subsidized clinics evidenced, and personal denial of emergency room visits or hospitalizations." *Id*. at 114, ECF No. 9-2 at 117. Plaintiff argues there was no evidence presented that she had access to free or subsidized care or whether she explored receiving such care without success. Therefore, Plaintiff insists the ALJ should not have been considered this factor.

It has long been the rule in the Fourth Circuit that "[a] claimant may not be penalized for failing to seek treatment she cannot afford; '[i]t flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him.'" *Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir. 1986) (quoting *Gordon v. Schweiker*, 725 F.2d 231, 237 (4th Cir. 1984)). Additionally, Social Security Ruling 96–7p provides that an ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." SSR 96-7p, in part,1996 WL 374186, at *7-8.[3]

---

[3] SSR 96-7p, 1996 WL 374186 (July 2, 1996), was superseded by SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). Plaintiff filed her claim in 2012, and the ALJ's second decision was issued in 2015, both prior to the effective date of SSR 16-3p.

Here, the evidence shows Plaintiff was seen by Dr. Young on March 25, 2013, and reported that, other than Celexa, she "stopped all other meds secondary to no insurance." *Tr.* at 698, ECF No. 9-7 at 198 (emphasis original). At that visit, she received a prescription for Percocet, prn, along with several other medications.[4] At her October 2, 2013 appointment with Dr. Young, it appears Plaintiff reported increased pain and received a new prescription for Percocet, prn. *Id*. at 697, ECF No. 9-7 at 197.[5] On February 15, 2014, Plaintiff was admitted to the hospital for a kidney stone. *Id*. at 687, ECF No. 9-7 at 187. Examination revealed no obvious musculoskeletal deformities and a normal range of motion. *Id.* at 686, ECF No. 9-7 at 186. In the hospital record, it also states that Plaintiff has "Percocet at home that she wishes to take [at] home and does not need any other supplemental pain control." *Id*. at 687, ECF No. 9-2 at 187. When she saw Dr. Young again on March 6, 2014, Plaintiff reported that she had taken one Percocet that day, and Dr. Young found she had "mild" back pain. *Id*. at 669, ECF No. 9-7 at 168.

Upon review, the Court finds that, irrespective of Plaintiff's argument with regard to the ALJ's improper reliance upon free and subsidized medical care, remand is not warranted because the record otherwise supports the ALJ's ultimate conclusion that her complaints of pain were not as severe as alleged. After Plaintiff indicated she was not taking her medication due to a lack of insurance, she received a prescription for Percocet, to take as needed, in March 2013 and October 2013. From the record, it is clear that, at some point, she had filled at least one of those prescriptions because she still had Percocet available to her months later in February and March 2014. Although there is no evidence Plaintiff got a new prescription for Percocet between October

---

[4]It seems that an appointment set for June 25, 2013, was rescheduled. *Id*.

[5]There also is a note she was a "no show" at an appointment on December 31, 2013. *Id*.

2013 and March of 2014, it reasonably can be inferred that she did not need her prescription refilled between those dates because she had not yet even used all of her previous prescription for pain. Given this evidence, even if the Court discounts any inference that could be raised from any failure to seek free or subsidized medical care, the Court finds there is substantial evidence to support the ALJ's determination that Plaintiff's pain was not as severe as she alleged.[6]

Plaintiff also argues that the ALJ erred in assigning "great weight" to his prior decision that was vacated by the Appeals Council. In considering this issue, the Magistrate Judge found remand was not warranted because Plaintiff failed to show how she was harmed. *PF&R*, at 3-4, n.1. Upon review, the Court agrees with the Magistrate Judge.

Plaintiff's next challenge is that Dr. Young's opinions did not receive appropriate weight, and the Magistrate Judge failed to review the ALJ's analysis to determine if it was sufficient. The Court disagrees. Although Plaintiff does not like the decision, the Magistrate Judge reviewed the evidence and found the "treating physician's medical source statement is not reinforced by the evidence of the record." *PF&R*, at 16. Upon review by this Court of the ALJ's decision, and for the reasons explained by the Magistrate Judge, the Court agrees with that decision and denies Plaintiff's objection.

---

[6]Additionally, Dr. Young wrote on a treatment note dated April 22, 2015, that Plaintiff had obtained insurance through a medical card. *Id*. 700, ECF No. 9-7 at 201. Thereafter, on October 7, 2015, Dr. Young's treatment note indicated no edema in her extremities and Plaintiff told her she was taking her pain medication at night to "help take [the] edge off." *Id*. at 773, ECF No. 9-7 at 276.

# IV.
# CONCLUSION

Accordingly, for the foregoing reasons, the Court **DENIES** Plaintiff's Objections, **ADOPTS AND INCORPORATES HEREIN** the Proposed Findings and Recommendation of the Magistrate Judge, **DENIES** Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 16), **GRANTS** Defendant's Brief in Support of Defendant's Decision (ECF No. 17), and **ORDERS** the final decision of the Commissioner of the Social Security Administration be **AFFIRMED** consistent with the Findings and Recommendation.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Tinsley, counsel of record, and any unrepresented parties.

ENTER: September 27, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE